69 F.3d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elliott WARNER, Plaintiff-Appellant,
v.
GOWIN; Sandahl, Defendants-Appellees.
 No. 95-15476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elliott Warner, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action and denial of his motions for appointment of counsel. The district court dismissed Warner's action pursuant to an Eastern District of California district court local rule for failure to comply with court orders. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review a district court's dismissal pursuant to its local rules for abuse of discretion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.), cert. denied, 1995 U.S. LEXIS 5728 (1995).
 
 
 4
 Under the Eastern District of California local rule, "copies of all documents submitted to the Court shall be served upon all parties to the action" and "proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed." E.D. Cal. R. 135 (a) & (b). Failure to follow a district court's local rules is a proper ground for dismissal. Ghazali, 46 F.3d at 53; See E.D. Cal. R. 110.
 
 
 5
 Here, Warner submitted numerous documents to the district court without the requisite certificate of service on defendants. The magistrate judge instructed Warner three times about the requirements of service before recommending that the action be dismissed for failure to comply with the local rules. After conducting a de novo review of the record, the district judge adopted the magistrate judge's recommendations and dismissed Warner's action.
 
 
 6
 We construe pro se pleadings liberally, but pro se litigants are bound by the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Although he received ample notification of the requirements of service under local rule 135, Warner continuously failed to comply with the rule. Accordingly, the district court did not abuse its discretion by dismissing Warner's action. See Ghazali, 46 F.3d at 54.
 
 
 7
 Because this case presents no exceptional circumstances, the district court did not abuse its discretion by denying Warner's motions for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Warner's pleading entitled "Motion and Statement Denying Oral Argument" is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3