L.B. MOORE; K. Thomas; E. Dale; N. Hale; C. Clayton; L.H. Douglas; H. Sneed; B. Carter; E.D. Hall; L. Taylor; M. Claiborne, P. Finner; U. Ismalia; E. Rhea; J. Wiginton; K.L. Moore; C. Smith; K. Johnson; D.E. Johnson; H.M. Chandler; E. Stewart A. Foster; T.C. Shaw; E.O. Taylor; R. Higgins; M. Foster D. Lee; A.P. Davis; W.F. Terry; R. Myricks; G.E. Jacobs; D.J. Wharry; J.O. Johnson; R. McClendon; N. Carter; C. Gaston; T. Bayone; J. Mireless; W. McGee; W.C. Barnett, Jr. G. Matthews; D. Edmondson, Plaintiffs—Appellants,

v.

Leroy BACA; Taylor Moorehead; Steven Day; David Betkey; Edgar Capifali, Defendants—Appellees,

and

Michael Antonovich; Yvonne Burke; Donald Knabe; Gloria Molina; Zev Yaroslavsky; Roger Ross, Defendants.

No. 03–56637.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2005.

Decided May 5, 2005.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice Beach, CA, for Plaintiffs—Appellants.

**176**

David D. Lawrence, Esq., Paul B. Beach, Esq., Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants—Appellees.

Bryan Sullivan, Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, for Defendants.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

ORDER AND MEMORANDUM *

Plaintiffs, African–Americans who suffered injury during race riots when they were inmates in a Los Angeles County jail facility, appeal on procedural grounds the district court's dismissal of fifteen Plaintiffs for failure to exhaust administrative remedies, dismissal of fourteen Plaintiffs for failure to be made available for deposition, dismissal of three Plaintiffs for failure to answer questions at their depositions, and the decision not to consider one Plaintiff's *ex parte* request for reinstatement. Plaintiffs also appeal on substantive grounds the district court's grant of summary judgment for Defendants on Plaintiffs' constitutional claims brought under 42 U.S.C. §§ 1983 and 1985(3). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court properly dismissed fifteen Plaintiffs for failure to exhaust administrative remedies as the Prison Litigation Reform Act required.[1] The court properly found that the evidence showed that these Plaintiffs were in custody when they filed their complaint and that they failed to exhaust available administrative remedies prior to filing the complaint. Plaintiffs' argument that they substantially complied with available administrative remedies by filling out complaint forms or otherwise complaining to jail officials while incarcerated was not raised below, and is therefore deemed waived.[2]

The district court acted well within its discretion when it dismissed fourteen Plaintiffs pursuant to Federal Rule of Civil Procedure 37 for failure to appear at their depositions.[3] Defendants attempted to take the depositions of these Plaintiffs on several occasions and even obtained court orders requiring their appearance at depositions, but these Plaintiffs did not appear. Moreover, the court warned these Plaintiffs before dismissing them that failure to appear at their depositions would result in dismissal.

The district court also acted well within its discretion when it dismissed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 42 U.S.C. § 1997e(a); *see McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002). "We review a district court's determination that a prisoner failed to exhaust administrative remedies *de novo,* and [its] factual determinations for clear error." *Ngo v. Woodford,* 403 F.3d 620, 622 (9th Cir.2005); *see Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003).

2. *See Fed. Sav. & Loan Ins. Corp. v. Butler,* 904 F.2d 505, 509 (9th Cir.1990) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.").

3. We review for an abuse of discretion a district court's dismissal of a plaintiff pursuant to Federal Rule of Civil Procedure 37 for discovery abuses. *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996).

three Plaintiffs pursuant to Federal Rule of Civil Procedure 37 for refusing to answer questions at their depositions. The court properly found that these Plaintiffs willfully violated the court's order requiring that their depositions take place as scheduled and properly rejected Plaintiffs' argument that they had insufficient time to prepare for their depositions.

The district court acted well within its discretion when it did not reinstate Plaintiff DeWayne Lee upon the filing of his *ex parte* application for reinstatement.[4] He did not comply with the requirements in the Local Rules for filing such a motion.

The district court properly granted summary judgment against the remaining Plaintiffs on their constitutional claims.[5] The evidence does not show that Defendants acted with "deliberate indifference" to Plaintiffs' health or safety, and Plaintiffs fail to raise a genuine issue of material fact regarding this issue.[6] Accordingly, we affirm.

Additionally, we deny Defendants' motion to strike documents filed by Plaintiffs but not served on Defendants or, in the alternative, for other relief.

AFFIRMED; Motion to Strike Documents DENIED.

---

4. We review for an abuse of discretion a district court's application of its local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

5. We review a district court's grant of summary judgment de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). Viewing the evidence in the light most favorable to the plaintiffs, we must determine whether any genuine issues of material fact exist and whether the district court properly applied the relevant substantive law.

*Id.* We may affirm a court's grant of summary judgment on any basis supported by the record. *Swirsky v. Carey*, 376 F.3d 841, 850–51 (9th Cir.2004).

6. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir.2000) ("[T]o act with deliberate indifference, an official must have actual knowledge of an excessive risk to inmate health or safety and must deliberately disregard that risk.").