**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN MILLER,

               Plaintiff - Appellant,

  v.

CITY OF SACRAMENTO; et al.,

               Defendants - Appellees.

No. 11-18045

D.C. No. 2:07-cv-00765-GEB-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Kevin Miller appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging federal constitutional and state law violations in

connection with his arrest for sexual battery of a minor. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Miller's request for oral argument is denied.

under 28 U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with court order and failure to prosecute); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (dismissal under local rules). We affirm.

We construe the judgment as a dismissal with prejudice for failure to comply with local rules and court orders under Federal Rule of Civil Procedure 41(b). So construed, the district court did not abuse its discretion by dismissing Miller's action because Miller failed to file a written opposition to defendants' motion for summary judgment, despite having received several extensions of time to do so and a warning that such failure could result in dismissal. *See Pagtalunan*, 291 F.3d at 642-43 (discussing the five factors for determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order); *Ghazali*, 46 F.3d at 53 (explaining that a court must weigh the same five factors to determine whether dismissal for failure to follow a local rule was an abuse of discretion).

Miller's contention concerning the magistrate judge's alleged bias is unpersuasive.

**AFFIRMED.**