FILED

OCT 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THEODORE KYRIAZIS,

                Plaintiff - Appellant,

    v.

BEVERLY HILLS PLATINUM
REALTY; et al.,

                Defendants - Appellees.

No. 11-56203

D.C. No. 2:10-cv-08321-JFW-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Theodore Kyriazis appeals pro se from the district court's judgment

dismissing his action alleging violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO") in connection with bankruptcy proceedings. We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Kyriazis's
request for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion both a dismissal for failure to comply with the local rules, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam), and the denial of leave to amend, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We may affirm on any ground supported by the record. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in dismissing the action because Kyriazis failed to oppose defendants' motion to dismiss, despite notice that the failure to do so could be deemed consent to the granting of the motion under the local rules. *See* C.D. Cal. R. 7-9 (requiring the filing of an opposition or statement of non-opposition to a motion to dismiss); C.D. Cal. R. 7-12 (providing that the failure to file any required document may be deemed consent to the granting or denial of the motion); *Ghazali*, 46 F.3d at 54 (affirming dismissal for failure to file opposition to motion to dismiss and noting that pro se litigants are bound by the rules of procedure).

Denial of Kyriazis's ex parte application for leave to file his second amended complaint was not an abuse of the district court's discretion because the proposed amendments would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

The district court did not abuse its discretion in denying Kyriazis's motion to reconsider because Kyriazis failed to establish any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**