**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MIMIELLE GOULATTE; BONNIE RHEA-SCOTT; SOAR, INC.; SCOTT HOUSING,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>COUNTY OF RIVERSIDE; HOUSING AUTHORITY OF THE COUNTY OF RIVERSIDE, Erroneously Sued As Riverside County Public Housing Authority; JERRY WENGERD, an individual; MARIA MARQUEZ, an individual; LYNNE BROCKMEIER, an individual; HEIDI MARSHALL, an individual; CARRIE HARMON; DONNA DAHL, an individual; LOURDES KIRKPATRICK, an individual; LINDA RAMOS, an individual; KRISTIN MILLER, an individual; CARMELO ISALES, an individual; LINDA RABOR, an individual; FRANK RAMOS; BILL VAN DER POORTEN,<br><br>Defendants - Appellees. | No. 12-57022<br><br>D.C. No. 2:11-cv-01740-DDP-JC<br><br>MEMORANDUM[*] |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted October 8, 2014[**]
Pasadena, California

Before: EBEL,[***] KLEINFELD, and GRABER, Circuit Judges.

Mimielle Goulatte, Bonnie Rhea-Scott, and their corporations, Soar, Inc., and Scott Housing, ("Appellants") appeal the district court's orders (1) dismissing their 42 U.S.C. § 1983 claim against the County of Riverside ("County"), (2) granting summary judgment against their other claims, and (3) granting their attorney's motion to withdraw. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

After Appellants failed to respond to the County's requests for production of discovery documents and the magistrate judge's order to compel discovery, the district court dismissed Appellants' action pursuant to the Central District of California's local rules. We review the district court's dismissal pursuant to its local rules for abuse of discretion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

1995) (per curiam). Here, the Central District of California Local Rule 7-9 requires an opposing party to file an opposition at least 21 days prior to the scheduled motion hearing, and under Local Rule 7-12, failure to file within the specified deadline may be deemed as consent to grant the motion. The County filed a motion to dismiss and alternative request for sanctions on August 30, 2012. Appellants had not responded within 21 days of the scheduled October 11 hearing, and the district court granted the County's motion to dismiss on October 5, 2012.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali, 46 F.3d at 53 (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam). However, before dismissing an action, the court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation marks omitted). Although specific district court findings on the factors are helpful, in the absence of such findings, we review the record independently to determine whether the court abused its discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

The district court made no specific findings on the Malone factors. Our examination of the record satisfies us that the Malone factors favor dismissal. First, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). The second factor also favors dismissal because a trial judge is in the best position to determine interference with docket management. Id. In this case, the district court judge declined to extend the discovery deadline set by the magistrate judge. Third, failure to produce discovery documents is sufficient prejudice against the County to support dismissal. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1236 (9th Cir. 2006). Appellants did not respond to the County's production request made on June 7, 2012, or to the magistrate judge's order compelling discovery on August 2, 2012. When the County filed its motion to dismiss on August 30, 2012, Appellants still had not produced any documents in response to the June 7 request. Finally, the district judge did implicitly consider a less drastic alternative prior to ordering dismissal. The County's alternative request for evidence and monetary sanctions was before the district court. The district court did not abuse its discretion in applying Local Rule 7-12 and granting dismissal. Public policy does favor disposition of cases on the merits, but because

4

the rest of the <u>Malone</u> factors weigh in favor of dismissal, on balance, the district court did not abuse its discretion.

We need not consider whether summary judgment was properly granted to the County, because Appellants did not address the summary judgment in their opening brief and "arguments not raised by a party in its opening brief are deemed waived." <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999).

Even if the district court's granting of Appellants' attorney's motion to withdraw is reviewable (*but see* <u>Nat'l Am. Ins. Co. v. Certain Underwriters at Lloyd's London</u>, 93 F.3d 529, 540 (9th Cir. 1996)), the district court did not abuse its discretion in granting it. Counsel's reasons for seeking to withdraw were very strong, and plaintiff offered little to counter them except a mistaken view that counsel should be compelled to serve a corporation because a corporation cannot appear pro se. Appellants had ample time to perform their discovery duties and to attempt to secure another attorney's services.

**AFFIRMED.**