FILED

**NOT FOR PUBLICATION**

MAY 18 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY MOORE, | No. 12-56766 |
| Petitioner - Appellant, | D.C. No. 2:10-CV-06739-DSF-JCG |
| v. | |
| J. SOTO, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

Ricky Moore, a California state prisoner, appeals the district court's

dismissal of his habeas petition. We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we reverse and remand.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court summarily adopted the magistrate judge's report and recommendation which proposed dismissing Moore's petition as untimely. The report and recommendation stated in a footnote that "Pursuant to Local Rule 7-12, the Court also deems Petitioner's failure to file opposition papers [to the motion to dismiss] as consent to the granting of the Motion [to Dismiss]." While it is within a district court's discretion to grant a motion to dismiss for failure of a pro se litigant to oppose the motion, doing so is not required. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam).

Moreover, before dismissing a petition on such grounds, the district court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted)). When a district court does not conduct this analysis explicitly, "we review the record independently to determine whether the district court abused its discretion." *Id.* at 54.

Here, the public may indeed have an interest in the expeditious resolution of this litigation. Admittedly, Moore filed his petition thirteen years late. However,

we must weigh the need for timely resolution of claims against the other factors. There is nothing in the record regarding the district court's need to manage its docket. In addition, the warden had notice of Moore's actual innocence claim when he brought his state habeas petition before the California Supreme Court and therefore would not be prejudiced by the continuation of this matter. Furthermore, the public policy favoring dispositions of cases on their merits appears particularly strong in a case such as this where the petitioner alleges actual innocence. Finally, with respect to the availability of less drastic sanctions, "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks and citation omitted).

Neither the warden's motion to dismiss nor the district court's order dismissing the petition addressed Moore's claim of actual innocence. Under *McQuiggin v. Perkins*, a prisoner who makes a credible showing of actual innocence may "pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," such as AEDPA's statute of limitations. Moore has not had the opportunity to make such a showing because he has not had access to the state court record. Thus, it was error for the district court to ignore

3

Moore's *Perkins* claim. 133 S. Ct. 1924, 1931 (2003). We therefore reverse the district court's order dismissing Moore's petition and remand for lodging of the state court record, further briefing and consideration of whether Moore has made a credible showing of actual innocence pursuant to *Perkins*.

We note that the warden's November 13, 2013, response to this Court's Order to Show Cause appears to have quoted selectively from the state court record. The warden has, however, not provided Moore with a copy of the complete record or included those materials among the documents lodged with the district court. On remand, the district court should order the warden to lodge the complete state court record and to provide a copy to Moore. *See* Rule 5(c), Rules Governing § 2254 Cases in the U.S. District Courts. The dissent suggests that any development of the record would conflict with *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Such concerns are premature. All Moore seeks at this point is to put the state court record before the district court, which *Pinholster* plainly allows. *See id.* at 1398. If Moore seeks to expand the record further, the district court can, at that time, address the applicability of *Pinholster* under the circumstances then presented.

**REVERSED and REMANDED for further proceedings.**

4

No. 12-56766, *Moore v. Soto*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. In my view, the dismissal of Moore's habeas petition should be affirmed for two independently sufficient reasons.

First, the district court properly relied on Moore's failure to oppose the State's motion to dismiss as an alternative basis for dismissing the petition. The Central District of California Local Rules require that opposing papers be filed in response to a motion to dismiss and provide that failure to do so may be deemed consent to the granting of the motion. Our case law establishes that "pro se litigants are bound by the rules of procedure," and that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53, 54 (9th Cir. 1995) (per curiam). Based on its independent review of the record, the majority concludes that the district court abused its discretion when it dismissed the petition. I respectfully disagree with that conclusion. "Only in rare cases will we question the exercise of discretion in connection with the application

of local rules. This is not one of those infrequent cases." *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam).[1]

Second, I believe the majority's decision to remand this case to the district court to "develop[ ] . . . the record" runs afoul of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). *Pinholster* teaches that a federal court's "review under § 2254(d)(1) is limited to the record that was before the state court." *Id*. at 1398. The actual innocence claim was raised in Moore's state habeas petition. Moore could have sought to develop the record by filing a petition in the state trial court first, but instead he went straight to the California Supreme Court pursuant to that court's "original writ" system. *See* CAL. CONST. art. VI, § 10 ("The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings."); *see also* BRIAN R. MEANS, POSTCONVICTION REMEDIES § 2:5 (2014 ed.) ("[T]he superior courts, of course, are better suited to fact-finding, and the appellate courts may decline to exercise their original jurisdiction over the

---

[1] The majority suggests, at 3, that it was error for the district court to ignore Moore's claim under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), because "a prisoner who makes a credible showing of actual innocence may 'pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief.'" What that requires is a "credible showing," however. *Perkins*, 133 S. Ct. at 1931. Moore has made no "showing" of any kind, let alone a credible one. A claim of innocence supported by no evidence at all is not enough.

[habeas] petition.") (footnote omitted).  Having failed to develop the factual record in state court, Moore cannot now do so in the first instance in federal court.

I would affirm the dismissal of the petition.