MEMORANDUM*
Ricky Mooré, a California state prisoner, appeals the district court’s dismissal of his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
The district court summarily adopted the magistrate judge’s report and recommendation which proposed dismissing Moore’s petition as untimely. The report and recommendation stated in a footnote that “Pursuant to Local Rule 7-12, the Court also deems Petitioner’s failure to file opposition papers [to the motion to dismiss] as consent to the granting of the Motion [to Dismiss].” While it is within a district court’s discretion to grant a motion to dismiss for failure of a pro se litigant to oppose the motion, doing so is not required. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam).
Moreover, before dismissing a petition on such grounds, the district court must weigh “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.” Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (internal quotation marks omitted)). When a district court does not *896 conduct this analysis explicitly, “we review the record independently to determine whether the district court abused its discretion.” Id. at 54.
Here, the public may indeed have an interest in the expeditious resolution of this litigation. Admittedly, Moore filed his petition thirteen years late. However, we must weigh the need for timely resolution of claims against the other factors. There is nothing in the record regarding the district court’s need to manage its docket. In addition, the warden had notice of Moore’s actual innocence claim when he brought his state habeas petition before the California Supreme Court and therefore would not be prejudiced by the continuation of this matter. Furthermore, the public policy favoring dispositions of cases on their merits appears particularly strong in a case such as this where the petitioner alleges actual innocence. Finally, with respect to the availability of less drastic sanctions, “[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.” In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir.2006) (internal quotation marks and citation omitted).
Neither the warden’s motion to dismiss nor the district court’s order dismissing the petition addressed Moore’s claim of actual innocence. Under McQuiggin v. Perkins, a prisoner who makes a credible showing of actual innocence may “pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief,” such as AEDPA’s statute of limitations. Moore has not had the opportunity to make such a showing because he has not had access to the state court record. Thus, it was error for the district court to ignore Moore’s Perkins claim. — U.S.-, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019 (2013). We therefore reverse the district court’s order dismissing Moore’s petition and remand for lodging of the state court record, further briefing and consideration of whether Moore has made a credible showing of actual innocence pursuant to Perkins.
We note that the warden’s November 13, 2013, response to this Court’s Order to Show Cause appears to have quoted selectively from the state court record. The warden has, however, not provided Moore with a copy of the complete record or included those materials among the documents lodged with the district court. On remand, the district court should order the warden to lodge the complete state court record and to provide a copy to Moore. See Rule 5(c), Rules Governing § 2254 Cases in the U.S. District Courts. The dissent suggests that any development of the record would conflict with Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011). Such concerns are premature. All Moore seeks at this point is to put the state court record before the district court, which Pinholster plainly allows. See id. at 1398. If Moore seeks to expand the record further, the district court can, at that time, address the applicability of Pinholster under the circumstances then presented.
REVERSED and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.