**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                       )      BAP No. CC-14-1387-DTaKu
                                             )
DAVID BRIAN FEE,                             )      Bk. No. 11-14420-PC
                                             )
          Debtor.                            )
_____ )
                                             )
DAVID BRIAN FEE,                             )
                                             )
          Appellant,                         )
                                             )
vs.                                          )      **M E M O R A N D U M**[1]
                                             )
JEREMY W. FAITH, Trustee;                    )
JPMORGAN CHASE BANK, N.A.;                   )
N&K INVESTMENTS,                             )
                                             )
          Appellees.                         )
_____ )

Submitted Without Argument
on June 18, 2015

Filed - June 30, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Peter H. Carroll, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant David Brian Fee on brief pro se; Meghann
                Ahern Triplett of Margulies Faith, LLP on brief for
                Appellee Jeremy W. Faith, Trustee; Anne Claire
                Manalili of Levinson Arshonsky & Kurtz, LLP, on brief
                for Appellee JPMorgan Chase Bank, N.A.

_____

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

1

Before: DUNN, TAYLOR, and KURTZ, Bankruptcy Judges.

David Brian Fee appealed two orders and a judgment entered in his pending chapter 7[2] bankruptcy case and a related adversary proceeding, including an interim award of attorneys fees ("Interim Fee Order") to counsel for the chapter 7 trustee ("Trustee"). Our motions panel entered an order limiting the scope of the appeal ("Order Re: Scope of Appeal") to matters other than the Interim Fee Order. Notwithstanding service of the Order Re: Scope of Appeal on Mr. Fee, Mr. Fee addressed his arguments in both his Opening Brief and his Reply Brief principally to his appeal of the Interim Fee Order. For the reasons stated below, we AFFIRM the bankruptcy court with respect to the issues within the scope of the appeal.

## I. FACTUAL BACKGROUND

Mr. Fee acquired title to approximately 60 acres of real property ("Property") in Ventura, California, which included an improved parcel and an adjacent vacant lot, in June 2005. To fund his acquisition of the Property, Mr. Fee obtained a loan ("Purchase Money Loan") from Washington Mutual Bank, FA ("WaMu") in the amount of $1,420,000, secured by a deed of trust on the Property.

In June 2006, Mr. Fee refinanced the Purchase Money Loan with a loan from WaMu ("Refinance Loan") in the amount of $1,680,000, also secured by a deed of trust on the Property ("First Refinance Trust

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2

Deed"), which was recorded June 22, 2006.

Mr. Fee thereafter placed further encumbrances on the Property as follow: July 11, 2006 deed of trust to secure his debt in the amount of $120,000 to Joseph Zebrowsky ("Zebrowsky Trust Deed"); and November 2, 2006 deed of trust with an assignment of rents to secure his debt in the amount of $125,000 to N & K Investments ("N&K Trust Deed").

In August 2007, Mr. Fee obtained a second refinance loan ("Second Refinance Loan") from WaMu in the amount of $1,900,000, secured by a deed of trust ("Second Refinance Trust Deed"), which was recorded on August 14, 2007. The proceeds of the Second Refinance Loan were used to pay off the Refinance Loan secured by the First Refinance Trust Deed and the debt secured by the Zebrowsky Trust Deed. The N&K Trust Deed was subordinated by agreement to the Second Refinance Trust Deed.

On October 25, 2007, N&K recorded its own second deed of trust with an assignment of rents ("Second N&K Trust Deed") to secure Mr. Fee's debt to N&K in the amount of $175,000. Also on October 25, 2007, N&K recorded two requests for notice of delinquency under the Second Refinance Trust Deed. On September 25, 2008, WaMu was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver. Ultimately, through an historic Purchase and Assumption Agreement executed on the same date, JPMorgan Chase Bank, N.A. ("JPMC") succeeded to WaMu's interest in the Second Refinance Trust Deed and its underlying promissory note.

3

Mr. Fee filed a chapter 11 petition on September 16, 2011. On October 4, 2012, the bankruptcy court entered its order ("Conversion Order") converting Mr. Fee's bankruptcy case to a chapter 7 case. Jeremy W. Faith was appointed as the Trustee on October 16, 2012.

On July 23, 2012, while Mr. Fee's bankruptcy case was still a chapter 11 case, JPMC filed a motion for relief from the automatic stay in order to foreclose on the Property. Mr. Fee opposed JPMC's motion for relief from stay on the basis that JPMC lacked standing to bring the motion. The bankruptcy court determined that JPMC had standing pursuant to Cal. Com. Code § 3301(b)[3] and entered an order ("Stay Relief Order") on August 24, 2012, granting JPMC relief from the automatic stay. Mr. Fee did not appeal the Stay Relief Order.

During the subsequent non-judicial foreclosure process, JPMC discovered an error in the extensive legal description of the Property in the Second Refinance Trust Deed. JPMC thereafter commenced an adversary proceeding in Mr. Fee's chapter 7 bankruptcy case on February 13, 2013, pursuant to which JPMC sought reformation of the Second Refinance Trust Deed, declaratory relief, and the imposition and foreclosure of an equitable lien against the Property to the extent any of the defendants named in the complaint, the

[3] Cal. Com. Code § 3301(b) provides:

"Person entitled to enforce" an instrument means . . . a nonholder in possession of the instrument who has the rights of a holder . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

4

Trustee, Mr. Fee, and N&K, received any benefit from the proceeds of the Second Refinance Loan.

The Trustee filed an answer to the complaint, through which he both denied JPMC's claims and asserted affirmative defenses. After Mr. Fee and N&K failed to file timely responsive pleadings to the complaint, the Clerk of the bankruptcy court entered their defaults on April 23, 2013.

The initial Status Conference in the adversary proceeding was held April 30, 2013. Despite the entry of default against him, Mr. Fee appeared to advise the bankruptcy court that he would be seeking counsel or otherwise taking action in response to the complaint. He did neither. At a further status conference ("Further Status Conference") held in the adversary proceeding on March 25, 2014, Mr. Fee again appeared. When the bankruptcy court pointed out to Mr. Fee that he had taken no action to set aside the default that had been entered against him nearly a year before, Mr. Fee stated that he was aware his default had been entered and that he would file documents that same day that would address his position in the matter.

Immediately after the Further Status Conference, Mr. Fee filed his "Ex Parte Petition, Motion and Request for Hearing as an Extraordinary Writ of Mandamus" ("Petition for Writ of Mandamus") in the bankruptcy court, which the bankruptcy court denied by its order entered April 29, 2014. In denying the Petition for Writ of Mandamus, the bankruptcy court observed that although Mr. Fee never specified what ruling he was seeking to challenge, he appeared to

5

suggest that the bankruptcy court had erred in determining at some unspecified point that JPMC had standing to assert claims with respect to the Property.[4]

At some point after the Further Status Conference, JPMC entered into a settlement agreement with the Trustee and N&K, the terms of which provided that JPMC would pay Mr. Fee's bankruptcy estate the sum of $65,000 in exchange for a stipulated judgment reforming the Second Refinance Trust Deed in the manner requested in the complaint, i.e., by correcting the legal description.

To facilitate resolution of the entire adversary proceeding in light of the proposed settlement, on June 19, 2014, JPMC filed a motion for entry of a default judgment against Mr. Fee. The adversary proceeding docket reflects that JPMC was directed to upload a form of judgment without the need to schedule a hearing.

On July 1, 2014, the Trustee filed his motion for an order approving the settlement ("Compromise Motion"). A hearing was set for July 29, 2014 for the bankruptcy court to consider the Compromise Motion. Mr. Fee filed no response or objection to the Compromise Motion. On July 28, 2014, the bankruptcy court issued its tentative ruling ("Tentative Ruling"), which approved the

---

[4] Mr. Fee filed in this appeal a Petition for Entry of Default Judgment Against JPMC ("Petition for Judgment"), decision of which the motions panel deferred to the merits panel. The pending Petition for Judgment includes a request that the order denying the Petition for Writ of Mandamus be reversed. We address disposition of the Petition for Judgment in the opening paragraph of the Discussion, infra.

6

settlement under the standards articulated by the Ninth Circuit in Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988); and Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986). The Tentative Ruling advised parties that based on the failure of any party to file a written opposition to the Compromise Motion, no appearance was necessary at the scheduled hearing. Nevertheless, Mr. Fee appeared at the hearing scheduled on the Compromise Motion, at which time the bankruptcy court advised Mr. Fee that no objection had been filed, with the consequence that the bankruptcy court had granted the Compromise Motion, and answered Mr. Fee's question regarding the time within which he was required to file his appeal.[5]

On July 30, 2014, the bankruptcy court (1) entered an order ("Compromise Order") in Mr. Fee's main bankruptcy case approving the Compromise Motion, and (2) entered a judgment ("Judgment") in the

---

[5] Mr. Fee's presentation at the hearing began:

I am David Fee, the debtor. I am here to notify the Court that this Court lacks the authority jurisdiction. I have filed a petition in the U.S. – United States District Court for satisfaction. I feel this Court is out of order. The conduct of the U.S. Trustee is out of order. He's given legal advice where he's not here to do so. He told me not to hire an attorney on an adversary matter, therefore I lost. He told me I don't stand a chance against JPMorgan Chase, I'll never beat them, and he is the U.S. Trustee defense and JPMorgan Chase will never be found – defense [sic]. That's all I really want to say, Your Honor, and I look for a fair trial in the United States District Central Court.

Tr. of July 29, 2014 H'rng at 2:13-25.

7

adversary proceeding which included both a default judgment against Mr. Fee and judgment with respect to the other parties consistent with the terms of the settlement approved through the Compromise Motion.

On August 11, 2014, Mr. Fee filed a timely notice of appeal with respect to the Compromise Order and the Judgment. The notice of appeal also purported to appeal from an "Order on Application for Payment Of Interim Fees and/or Expenses" ("Interim Fee Order"), which the bankruptcy court had entered on July 23, 2014. After giving Mr. Fee an opportunity to respond to its proposed action, which he declined, our motions panel entered an order ("Order Re: Scope of Appeal") limiting the scope of this appeal to the Compromise Order and the Judgment on the basis that the Interim Fee Order was interlocutory. Nevertheless, Mr. Fee addressed most of his argument in both his opening brief and his reply brief to the alleged error of the bankruptcy court in entering the Interim Fee Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (K) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court abused its discretion when it granted the Compromise Motion.

Whether the bankruptcy court abused its discretion when it entered the Judgment to give effect to the Compromise Motion.

## IV. STANDARDS OF REVIEW

A bankruptcy court's decision to approve a compromise settlement is reviewed for abuse of discretion. Martin v. Kane (In re A & C Props.), 784 F.2d at 1380; Goodwin v. Mickey Thompson Entertainment Group, Inc. (In re Mickey Thompson Entertainment Group, Inc.), 292 B.R. 415, 420 (9th Cir. BAP 2003). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its fact findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm the decision of the bankruptcy court on any basis supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## V. DISCUSSION

As a preliminary procedural matter, we deny Mr. Fee's Petition for Entry of Default Judgment ("Petition for Judgment") against JPMC. In the Petition for Judgment, Mr. Fee requests extensive relief, tantamount to proclaiming him victorious in the overall litigation, on the ground that JPMC failed to timely file its opening brief on appeal. However, JPMC timely requested, and was granted ("Extension Order"), an extension of the deadline for filing its brief. JPMC thereafter filed its brief timely within the terms of the Extension Order. Thus, the foundation upon which Mr. Fee bases the Petition for Judgment fails, with the result that it is

incapable of supporting any requested relief. Further, to the extent Mr. Fee seeks relief through the Petition for Judgment from the bankruptcy court's order denying his Petition for Writ of Mandamus, we note only that Mr. Fee never filed an appeal from that order so that it is not before us for review.

As a second preliminary matter, we deem it necessary in light of both the Order Re: Scope of Appeal and the wide-ranging issues raised in Mr. Fee's Opening Brief to state explicitly that the only matters we are reviewing in this appeal are the Compromise Order and the Judgment. To the extent Mr. Fee intends his opening brief as an invitation to this Panel to review the Conversion Order, the Stay Relief Order, or the Interim Fee Order, we decline.

A.    The Bankruptcy Court Did Not Abuse Its Discretion When It Granted the Compromise Motion and Entered the Compromise Order.

Rule 9019(a) authorized the bankruptcy court to approve the Trustee's Compromise Motion "after notice and a hearing." "[A]fter notice and a hearing" does not mean that a hearing must be held, only that notice of the proposed compromise must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The bankruptcy court made findings in its Tentative Ruling that due process had been satisfied to support ruling on the Compromise Motion without a hearing.

> This motion to approve a compromise pursuant to [Rule] 9019 has been filed by the [Trustee] and set for hearing on the notice required by [Local Rule] 9013-1(d)(2) and other applicable rules. The failure of [Mr. Fee] and

10

parties in interest to file written opposition at least 14 days prior to the hearing as required by [Local Rule] 9013-1(f) is considered as consent to the granting of the motion. [Local Rule] 9013-1(h). *Cf.* Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court is granting the relief requested by the moving party and for which a *prima facie* case has been established, an actual hearing is not necessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Their defaults are entered and the matter will be resolved without oral argument [Local Rule] 9013-1(j)(3). **No appearance is necessary**. (Emphasis in original.)

The bankruptcy court then identified the correct legal standard for approving a compromise. Specifically, the bankruptcy court articulated the factors in In re A & C Props.: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. It then made explicit findings in the Tentative Ruling with respect to these factors:

Here, the compromise resolves a pending adversary proceeding (Adv. No. 9:13-ap-01034-PC) initiated by plaintiff [JPMC] against the bankruptcy estate. The proposed settlement provides, in pertinent part, that [JPMC] will pay $65,000.00 to the estate. In return, [Trustee] will permit entry of judgment against [the] estate to reform the [Second Refinance Trust Deed] on debtor's real property to include, *inter alia*, an accurate legal description. Releases will be executed and all remaining claims of the adversary complaint will be dismissed without the need for further litigation. The court agrees that the compromise is fair and equitable, and in the best interest of the creditors and the estate. The defenses asserted by the defendant may result in the estate recovering nothing. The potential costs in bringing this proceeding to trial may be high and the potential recovery may be low. Therefore, it is in the

11

estate's and the creditors' best interest to approve the compromise.

Based on the findings contained in the Tentative Ruling, it is evident that the bankruptcy court applied the correct legal standard in ruling on the Compromise Motion, and that its findings were not "illogical, implausible or without support from evidence in the record."

Nothing in Mr. Fee's arguments on appeal suggests a different result is appropriate. The majority of the arguments Mr. Fee raised in his Opening Brief are outside the scope of this appeal. The two arguments that do relate to the Compromise Motion were waived because Mr. Fee failed to raise them in the bankruptcy court in the first instance.

Generally, we do not consider arguments not "properly raise[d]" in the bankruptcy court. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989); see also In re Cybernetic Serv., Inc., 252 F.3d 1039, 1045 n.3 (9th Cir. 2001)(appellate court will not explore ramifications of argument because it was not raised in the bankruptcy court and, therefore, was waived); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001)(stating that court will not consider issue raised for first time on appeal absent exceptional circumstances); Concrete Equip. Co., Inc. v. Fox (In re Vigil Bros. Constr., Inc.), 193 B.R. 513, 520 (9th Cir. BAP 1996). An argument is "properly raised" if it was raised sufficiently for the trial court to make a ruling. In re E.R. Fegert, Inc., 887 F.2d at 957. Notwithstanding

12

the general rule,

> A reviewing court may consider an issue raised for the first time on appeal if (1) there are exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.

Franchise Tax Bd. v. Roberts (In re Roberts), 175 B.R. 339, 345 (9th Cir. BAP 1994)(internal quotation marks omitted)(citing United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir. 1990)).  None of these conditions for considering an issue not raised in the bankruptcy court are satisfied in the instant appeal.

In his Opening Brief, Mr. Fee asserted that the bankruptcy court erred in approving the Compromise Motion because, as a factual matter, WaMu had two weeks to examine the Second Refinance Trust Deed before it was recorded.  Further, JPMC, assuming it had "standing," had more than ample time to compel Mr. Fee to execute a replacement trust deed, but it never did.

We note that Mr. Fee never filed an opposition to the Compromise Motion.  While he did appear at the time the hearing on the Compromise Motion had been scheduled, his only "argument" was to assert the bankruptcy court had no authority over the matter. Thus, Mr. Fee has waived the argument made to us, which appears to be based on an estoppel theory, because he never presented it to the bankruptcy court in the first instance.  Further, Mr. Fee expressly waived any issue regarding the bankruptcy court's lack of authority over the Compromise Motion.  Mr. Fee stated in his Opening Brief:

13

"The Bankruptcy Court had jurisdiction to enter the final Judgment and Orders referenced above pursuant to 28 U.S.C. §§ 157(a), 157(b)(1) and 1334." Opening Brief at 1:15-17.

The only other argument Mr. Fee asserts in his Opening Brief that relates even tangentially to the Compromise Motion is that the bankruptcy court erred when it denied the Petition for Writ of Mandamus. Mr. Fee asserts that in denying the Petition for Writ of Mandamus the bankruptcy court improperly granted standing to JPMC to which it was not entitled. Again, we note that Mr. Fee never presented this argument in opposition to the Compromise Motion. Nor did he appeal the order denying the Petition for Writ of Mandamus. Mr. Fee therefore has waived this argument as well.

B. <u>The Bankruptcy Court Did Not Abuse Its Discretion When It Entered the Judgment</u>.

Except to the extent the Judgment is a default judgment against Mr. Fee, it constitutes a consent judgment as to the remaining parties. We already have determined that the bankruptcy court did not abuse its discretion when it approved the Compromise Motion. The consent judgment is merely another iteration of the approval of the Compromise Motion, the form being dictated by the existence of the adversary proceeding. Accordingly, no additional issue exists in this appeal in connection with the entry of the Judgment, as distinct from the entry of the Compromise Motion.

## VI. CONCLUSION

Mr. Fee did not oppose the Compromise Motion. Accordingly, he waived for purposes of this appeal any issue he might otherwise have

14

had with respect to the entry of the Compromise Order or the Judgment.  We therefore AFFIRM.