**Cyrus GHAZALI, Plaintiff–Appellant,**

**v.**

**John MORAN, Sheriff; Clark County Commissioners, Defendants– Appellees.**

**No. 94–15489.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 1995.*

Decided Jan. 24, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P.

34(a); 9th Cir.R. 34–4.

Cyrus Ghazali, pro se, for plaintiff–appellant.

Melissa Collins, Rawlings, Olson & Cannon, Las Vegas, NV, for defendants-appellees.

Before WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.

PER CURIAM:

Cyrus Ghazali, a federal prisoner, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated while he was a pretrial detainee at the Clark County Detention Center. The district court dismissed Ghazali's action pursuant to a Nevada district court local rule because Ghazali failed to file an opposition to the motion of Sheriff Moran and the Commissioners to compel/motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's dismissal pursuant to its local rules for abuse of discretion. *United States v. Warren,* 601 F.2d 471, 474 (9th Cir.1979) "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Id.*

Under the Nevada local rule, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Dist.Nev.R. 140–6.

Failure to follow a district court's local rules is a proper ground for dismissal. *Warren,* 601 F.2d at 474 (upholding comparable Dist.Ariz.R. 11(g)). Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). If the

district court does not consider these factors explicitly, we review the record independently to determine whether the district court abused its discretion. *Id.* at 1424.

An independent review of the record demonstrates that the district judge did not abuse his discretion in entering the judgment of dismissal. Although Ghazali contends that he did not receive a copy of the motion to dismiss, the record indicates that Ghazali received notice pursuant to Fed.R.Civ.P. 5(b). Moreover, Ghazali was given ample time to respond to the motion to dismiss.

Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987). Ghazali did not follow them, and his case was properly dismissed. A motion for summary judgment, which on its face does not even address the issues in the case and point out to the district court that there is an absence of evidence to support the case of the party with the burden of proof, cannot be granted simply as a sanction for a local rule violation, without an appropriate exercise of discretion. *Marshall v. Gates,* 44 F.3d 722, 723, 724–25 (9th Cir.1995); *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 949–50 (9th Cir.1993); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). But this proposition does not help Ghazali. *Marshall* and *Henry* address only summary judgment motions, not motions to dismiss.

Therefore, we hold that the district court did not abuse its discretion by entering the judgment of dismissal. *See Warren,* 601 F.2d at 473–74.

**AFFIRMED.**