**Terri A. ALWARD; et al.,**
**Plaintiffs–Appellants,**

v.

**BURRELLE'S INFORMATION SER-**
**VICES, a New Jersey Limited Liabili-**
**ty Company; et al., Defendants–Ap-**
**pellees.**

No. 01–15718.

D.C. No. CV–00–00365–ROS.

United States Court of Appeals,
Ninth Circuit.

March 11, 2002.*

March 20, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

### MEMORANDUM **

Terri Alward and other former employees of Arizona Clipping Services appeal the district court's judgment dismissing their employment discrimination action for failure to timely file responsive pleadings. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion the district court's dismissal. *See Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (dismissal for violation of local rule). We affirm.

Upon a review of the record, we conclude that the district court did not abuse its discretion by dismissing Alward's action for failure to timely file responsive pleadings. *See id.*

In addition, the district court did not abuse its discretion by denying Alward's motion to amend. *See Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir.1991).

The district court did not abuse its discretion by denying Alward's March 9, 2001, motion for reconsideration. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Alward's contentions regarding the need for an evidentiary hearing are unpersuasive.

We deny all pending motions.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because appellants filed a timely post-judgment tolling motion, we have jurisdiction to review the underlying judgment. *See Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir.1989). On February 4, 2002, Alward amended her notice of appeal to request review of the district court's January 4, 2002, order. We lack jurisdiction over that order because it is not final. *See, e.g., Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 617 (9th Cir.1993).