**Robert L. HAYNES, Plaintiff–Appellant,**

v.

**R.W. SELBY & COMPANY, INC.; et al., Defendants–Appellees.**

No. 08–55732.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Robert L. Haynes, Los Angeles, CA, pro se.

Karl Patrick Schlecht, Kimball Tirey & St. John, Irvine, CA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Robert L. Haynes appeals pro se from the district court's order dismissing his action alleging housing discrimination on the basis of race and religion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for violation of its local rules, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam), and review de novo a dismissal for failure to state a claim, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997). We vacate and remand.

■ Appellees contend the action was dismissed because Haynes failed to comply with the local rules. However, Local Rule 7–14 applies to counsel, not pro se litigants; Haynes's opposition was filed only three days late; the complaint was filed less than three months earlier; there was no argument or evidence of prejudice to defendants; public policy favors disposition of cases on the merits; and there is no indication that less drastic sanctions were considered. *See Ghazali*, 46 F.3d at 53 (listing factors to be considered before dismissing an action for failure to comply with local rules, and explaining that we review the record independently when the district court does not expressly consider these factors).

■ To the extent the district court dismissed the action for failure to state a claim, without leave to amend, that was improper. The complaint alleges that defendants discriminated against Haynes by increasing his rent after learning he was African American and Muslim, and that he suffered injuries. These allegations may be sufficient to state a claim under the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601 *et seq. See Gilligan*, 108 F.3d at 250 (setting forth elements of a FHA claim); *see also Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss."). The allegations may also be sufficient to state a claim under 42 U.S.C. § 1981. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995) ("In order to withstand a motion to dismiss for failure to state a claim, a § 1981 cause of action need only allege that plaintiff suffered discrimination ... on the basis of race." (internal quotation marks and citation omitted)). On remand, the district court should give Haynes no-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tice of the complaint's deficiencies and an opportunity to amend. *See Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.