**Scott KANVICK, Plaintiff–Appellant,**

v.

**RENO CITY POLICE; et al., Defendants–Appellees.**

No. 08–15838.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 28, 2009.

Scott Kanvick, Carson City, NV, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jack D. Campbell, Counsel, Office of the City Attorney, Michael J. Morrison, Esquire, Law Offices, Reno, NV, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM ***

Scott Kanvick appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his civil rights by unlawfully arresting and falsely imprisoning him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.

The district court properly granted summary judgment on the claims against defendant City Center Limited Partnership because Kanvick failed to raise a genuine issue as to whether this defendant acted under color of state law. *See Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir.2002) (stating that to prove a conspiracy between the police and a private citizen, the plaintiff must show there was an agreement to violate his constitutional rights); *Collins v. Womancare, Inc.*, 878 F.2d 1145, 1155 (9th Cir.1989) ("[M]erely complaining to the police does not convert a private party into a state actor.").

The district court properly granted summary judgment on Kanvick's unlawful arrest, detention, and search claims because his arrest was supported by probable cause. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (per curiam); *see also United States v. Smith*, 389 F.3d 944, 950–51 (9th Cir.2004) (per curiam).

The district court properly granted summary judgment on Kanvick's excessive force claim because he failed to provide facts suggesting that the alleged delay in transporting him to the police station was objectively unreasonable. *See Reed v. Hoy*, 909 F.2d 324, 327–28 (9th Cir.1989).

The district court properly granted summary judgment on Kanvick's due process claim because no defendant was responsible for the conditions or duration of his detention in Washoe County Jail.

Kanvick's contention that the district court erred by striking his second opposition to the motion for summary judgment is unavailing. Federal and local rules do not provide for second oppositions as a matter of right and Kanvick did not move for leave to file one. *See* Fed. R.Civ.P. 56; Nev. Dist. Ct. Rule 7–2; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) (per curiam) (stating that pro se litigants are bound by the same rules and procedures as other litigants).

Kanvick's remaining contentions are unpersuasive.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.