NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLIOT HANDLER, on behalf of himself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>SONY ELECTRONICS, INC., a Delaware Corporation,<br><br>        Defendant - Appellee. | No. 09-55506<br><br>D.C. No. 2:07-cv-05212-RGK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 11, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Elliot Handler, on behalf of himself and a purported class of similarly-situated individuals, brought an action against Sony Electronics, Inc., alleging claims against Sony arising from its sale of "1080p" televisions that Handler contends would not accept a 1080p video signal. Handler appeals the district court's orders striking his class claims and dismissing his action for lack of subject matter jurisdiction, and denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Handler's motion for reconsideration was filed within ten days of the district court's order dismissing his action, Handler's motion is properly construed as a Federal Rule of Civil Procedure 59(e) motion, and Handler's appeal of the denial of this motion preserves his appeal of the underlying judgment. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004).[1] We review both the district court's dismissal pursuant to its local rules and its denial of the Rule 59(e) motion for abuse of discretion. *See McQuillion v.*

---

[1] The district court entered its dismissal on January 28, 2009. Excluding weekends and holidays, as was then required, *see* Fed. R. Civ. P. 59 advisory committee's note to 2009 amendments, Handler had until February 11, 2009, to bring his motion. Handler's motion was timely filed February 10, 2009.

2

*Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).[2]

On the merits, we hold that the district court did not abuse its discretion in striking Handler's class claims and dismissing the action. Handler did not file a class-certification motion, as was explicitly required by Central District Local Civil Rule 23-3, within ninety days of filing his complaint. Handler first contends that the district court during the Scheduling Conference extended the deadline to file the class-certification motion until December 9, 2008, the motion cutoff date. Handler is mistaken. The district court stated that it was not setting a date for class certification and referred Handler to the Local Rules. Contrary to Handler's contention, the district court had no obligation to strike his class claims sua sponte at the Scheduling Conference when the court made clear that the matter would proceed on the basis of Handler's individual claims and there was no pending class-certification motion. *See LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) (holding that the district court did not abuse its discretion in failing to consider sua sponte subclasses in deciding class certification when that issue was

---

[2] Handler cites *Costo v. United States*, 248 F.3d 863 (9th Cir. 2001), arguing we conduct de novo review with all disputed facts in his favor. But that standard is inapplicable here because this case does not involve the *Feres* doctrine. *See id.* at 865–66; *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

not brought to the court's attention and there was no obvious basis in the record for so doing).[3]

Moreover, even if the district court were considered to have extended the deadline to move for class certification to the motion cutoff date, Handler did not file a class-certification motion by that date either. Handler argues that he could not file a class-certification motion before the motion cutoff date because the United States District Court for the Eastern District of Michigan, in a similar class action lawsuit, had enjoined Handler from pursuing this action. We are not persuaded. Handler neither sought relief from the district court in the Eastern District of Michigan before the motion cutoff date, nor did he seek any stay or continuance from the district court for the Central District of California in this matter.

Handler also contends that we may not rely on his failure to file the class-certification motion by the motion cutoff date in assessing whether the district court's dismissal may be affirmed because the district court premised its decision

_____

[3]     We reject Handler's related argument that the district court had an obligation to strike sua sponte the class claims at the Scheduling Conference because the class claims were the basis of the court's jurisdiction. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). While we are "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction," *id.*, Handler has not shown that the district court was aware during the Scheduling Conference of any doubt as to its jurisdiction.

4

on Handler's failure to move for class certification within ninety days. We disagree. We may affirm a dismissal on any ground supported by the record. *See United States v. Washington*, 573 F.3d 701, 706 (9th Cir. 2009). The record here leaves no doubt that Handler neither filed a class-certification motion by the motion cutoff date nor sought relief from that deadline. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir. 1983) (holding that district court did not abuse its discretion by striking late-filed affidavits where the record showed neither a motion for extension of time nor excusable neglect). The district court permissibly struck Handler's class claims and dismissed the action because Handler's remaining individual claims did meet the amount-in-controversy requirement for diversity jurisdiction.

Finally, because the district court properly dismissed the action and Handler presented no new facts or intervening law in his motion for reconsideration, the district court acted within its discretion in denying that motion. *See Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

**AFFIRMED.**