FILED

NOT FOR PUBLICATION

MAY 22 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD TOUNGET; CAROL TOUNGET, | No. 12-55195 |
| Plaintiffs - Appellants, | D.C. No. 5:10-cv-01267-DDP-DTB |
| v. | |
| COUNTY OF RIVERSIDE, a Public Entity; et al. | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Howard and Carol Tounget appeal pro se from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging, among other things,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

constitutional violations in connection with defendants' allegedly selective enforcement of Riverside County Code provisions. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with its local rules and failure to prosecute. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). We affirm.

The district court did not abuse its discretion in dismissing the Toungets' action without prejudice because the Toungets failed to oppose the County of Riverside's motion to dismiss under Fed. R. Civ. P. 12(b)(6), despite ample time to respond to the motion. *See* C.D. Cal. R. 7-9 (requiring the filing of an opposition or statement of non-opposition to a motion to dismiss); C.D. Cal. R. 7-12 (providing that the failure to file any required document may be deemed consent to the granting or denial of the motion); *Ghazali*, 46 F.3d at 54 (affirming dismissal for failure to file opposition to motion to dismiss despite ample time given, and noting that pro se litigants are bound by the rules of procedure); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute.").

In light of our conclusion that the district court did not abuse its discretion in dismissing for failure to comply with its local rules, we need not address the

Toungets' contentions concerning whether the district court properly dismissed for failure to state a claim.

**AFFIRMED.**