**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAOMI HENEAGE,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>DTE ENERGY and NEVADA ENERGY<br>INVESTMENTS, LLC,<br><br>    Defendants - Appellees. | No. 13-15345<br><br>D.C. No. 3:11-cv-0686-LRH-<br>WGC<br>    (Nevada, Las Vegas)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted April 15, 2015
San Francisco, California

Before: KOZINSKI and GRABER, Circuit Judges, and BENSON[**], District Judge.

Heneage appeals the district court's dismissal of her Title VII and FMLA

claims against DTE Energy ("DTE") and her Title VII claims against Nevada

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Dee V. Benson, District Judge for the District of Utah, sitting by designation.

Energy Investments, LLC ("NEI"). Heneage failed to oppose DTE's Motion for Judgment on the Pleadings with respect to her FMLA claim. Her request for relief on the FMLA claim is therefore waived. See Ghazali v. Moran, 46 F.3d 52, 52-53 (9th Cir. 1995) (per curiam).

Taking the alleged facts as true, and drawing reasonable inferences in favor of the plaintiff, the question is whether the complaint plausibly states a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

1. Heneage is a woman who alleges she was rejected for a position with NEI because she engaged in protected activity. She alleges that none of the women (three, including Heneage) on the industrial side of the plant were hired, whereas many men were hired. NEI also allegedly gave a variety of changing explanations for its decision not to hire Heneage, at least one of which was untrue. Gender discrimination by NEI is a permissible inference.

Heneage also alleges that she and three other employees on the industrial side of the plant had engaged in protected activity while working at DTE; that none were hired by NEI, whereas many other such employees were hired; and that communication between DTE and NEI occurred before NEI made its hiring decisions. Retaliation by NEI is a permissible inference.

2

2.  Heneage alleges that NEI told her that a "group" had made the decision not to hire her, and she is informed and believes that the "group" consisted of management at both NEI and DTE.  She further alleges that the decision makers for DTE and NEI had offices next door to each other, and is informed and believes that the DTE manager influenced the NEI manager in the selection process.  The alleged fact that those who engaged in protected activity on the industrial side at DTE were not hired by NEI permits a reasonable inference that DTE informed NEI that they had engaged in such activity.  Retaliation by DTE is a permissible inference.

3.  The facts alleged do not support a plausible claim of sex discrimination against DTE.

In summary, we reverse the district court's dismissal of the retaliation claim against NEI and DTE and the sex discrimination claim against NEI.  We affirm in all other respects.

**AFFIRMED in part, REVERSED in part, and REMANDED.**  Heneage is awarded costs against DTE and NEI on appeal.

3