**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RHONDA ESPY,

            Plaintiff - Appellant,

  v.

INDEPENDENCE BLUE CROSS,

            Defendant - Appellee.

No. 13-56295

D.C. No. 3:12-cv-00952-LAB-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 10, 2015[**]
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges and DU,[***] District Judge.

    Plaintiff Rhonda Espy appeals the dismissal with prejudice of her action

against Defendant Independence Blue Cross.  The district court dismissed the case

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Miranda M. Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

based on her failure to file a memo in opposition to Defendant's motion to dismiss, treating that failure as consent to the granting of the motion, pursuant to Southern District of California Civil Local Rule 7.1(f)(3)(C). We vacate the dismissal and remand for further proceedings.

Pro se litigants are required to follow rules, including local rules. It is established under our precedents, however, that dismissal of an action cannot be based solely on a plaintiff's failure to file an opposition memo. When a district court considers dismissal of a case pursuant to a rule like Civil Local Rule 7.1(f)(3)(c), it is required to weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the district court did not consider these factors explicitly, as it did not here, we may review the record ourselves to determine whether the district court abused its discretion in dismissing the action. *Ghazali*, 46 F.3d at 53–54 (citing *Henderson*, 779 F.2d at 1424).

The district court did advise Espy specifically of Civil Local Rule 7.1(f)(3)(C)'s requirement to file a timely opposition to a motion to dismiss in an

order entered eleven months earlier, on July 6, 2012. That fact weighs in favor of the dismissal. The balance of the factors appears to us to point in the other direction, however. Espy met other deadlines and had not shown herself to be prone to delay. Nothing in the record established that Defendant would have suffered prejudice if Espy had been permitted to present her opposition orally at the scheduled hearing or if she had been reminded of the requirement and given another opportunity to file a written response prior to that hearing. Other sanctions less drastic than dismissal with prejudice could have been imposed.

Most importantly, the public policy of disposing the case on the merits strongly disfavored dismissal for failure to file a timely written opposition. We are not in a position to assess the merits of Espy's action, but it seems likely that her complaint could have survived at the motion to dismiss stage if the motion had been considered on the merits. Most of Defendant's arguments, both in its motion to dismiss filed with the district court and in its briefing to this court, particularly with regard to claims 1 and 3 (the ERISA benefit and collateral estoppel claims), appear to rest mainly on factual contentions. Such factual arguments might be appropriate for summary judgment, but they are not often successful on a motion to dismiss, given that at the motion to dismiss stage a court should treat plausible factual allegations in the complaint as true. *See Knievel v. ESPN*, 393 F.3d 1068,

1072 (9th Cir. 2005) (construing factual allegations as true in favor of the non-moving party); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (generally saying that review of a motion to dismiss is limited to the facts alleged in the complaint). Espy's allegations do not appear implausible on their face.

The dismissal based on Civil Rule 7.1(f)(3)(C) is vacated and the matter is remanded to the district court for further proceedings.

Costs are awarded to plaintiff-appellant Espy.

**VACATED AND REMANDED**.