**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOFI OBENG-AMPONSAH, | No. 11-55397 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-00096-GHK-JC |
| v. | |
| CHASE HOME FINANCE, LLC; MORTGAGE ELECTRONIC REGISTERED SYSTEMS INC.; LEHMAN BROTHERS STRUCTURED ASSET INVESTMENT LOAN TRUST SAIL 2005-5; U.S. BANK NATIONAL ASSOCIATION, Trustee for Lehman Brothers Structured Asset Investment Loan Trust Sail 2005-5; U.S. BANK NATIONAL ASSOCIATION, | MEMORANDUM<sup>*</sup> |
| Defendants - Appellees, | |
| ——————————————— | |
| FIRST AMERICAN LOANSTAR SERVICES; FINANCE AMERICA, LLC, | |
| Defendants. | |

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before: KOZINSKI and CALLAHAN, Circuit Judges and KORMAN,[**] Senior District Judge.

Kofi Obeng-Amponsah ("Obeng") appeals the district court's dismissal of his Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), Home Ownership and Equity Protection Act (HOEPA), Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and Racketeer Influenced and Corrupt Organizations Act (RICO) claims, as well as his various state law claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

1.     The district court properly found that Obeng's RESPA claim, alleging that Defendants improperly accepted a kickback or bribe, was barred by the

---

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1]     Although not necessary to the resolution of this appeal, we grant Obeng's request for judicial notice as to (1) his opening brief in his appeal filed in the California Court of Appeal, (2) a declaration filed in the district court in this case, and (3) a published opinion in *Gilbert v. Residential Funding LLC*, No. 10-2295, slip op. (4th Cir. May 3, 2012). *See* Dkts. 35, 36. We deny his request to judicially notice a document entitled "substitution of trustee" as the document does not bear any indicia of recording.

applicable one-year statute of limitations. *See* 12 U.S.C. § 2614. The alleged kickback occurred vis-a-vis the December 24, 2004 contracts, and Obeng did not file his complaint until January 2009. Obeng's other RESPA claim, asserting that Defendants failed to respond to his qualified written requests, also fails as Obeng's allegations do not connect the alleged failure to respond to his qualified written requests with any actual damages. *See* 12 U.S.C. § 2605(f)(1).

2.     Likewise, the district court properly found that Obeng's HOEPA and TILA disclosure claims were barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e) (2006) (amended 2010). Equitable tolling does not apply as Obeng admittedly knew in 2004 that his loan representative had attempted to insert an adjustable rate rider into the agreement and that the truth in lending disclosures were incomplete.

3.     The district court dismissed Obeng's TILA claim seeking rescission as he failed to allege that he tendered the value of the loan to his creditor as required by 15 U.S.C. § 1635(b). In *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014), however, the Ninth Circuit held that "plaintiffs can state a claim for rescission under TILA without pleading that they have tendered, or that they have the ability to tender, the value of their loan."

3

We affirm the dismissal on the alternative ground that Obeng failed to exercise his right to rescind within the three-year statute of repose. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). Obeng was required to send his written notice of rescission within three years of December 24, 2004, which is "the date of consummation of the transaction." 15 U.S.C. § 1635(f). However, Obeng waited to send his notices of rescission until June 2008.

At oral argument, Obeng's counsel argued, for the first time, that a different section of the complaint alleged that Obeng attempted to rescind the loan within the statute of repose. Assuming Obeng made this argument in his complaint, he waived it on appeal by not raising it in his briefing. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

4.  Obeng's FCRA claims also fail. Title 15 U.S.C. § 1681s-2(a) details the duty "to provide accurate information," however, "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Furthermore, although 15 U.S.C. § 1682s-2(b) imposes a second category of duties on furnishers of information that are triggered "upon notice of dispute," Obeng did not allege that Defendants received a notice of dispute from a credit reporting

agency. Thus, the district court did not err in dismissing his FCRA claims. *Gorman*, 584 F.3d at 1154.

5.      The district court did not err in dismissing Obeng's FDCPA claims as Obeng alleged that Chase assumed servicing responsibilities to Obeng's loan prior to any default. Thus, Chase was not a debt collector under 15 U.S.C. § 1692a(6)(F)(iii).[2] *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1073 (9th Cir. 2011). Furthermore, Obeng failed to allege any actionable conduct by MERS or U.S. Bank in his FDCPA claim for relief, therefore, the district court did not err in dismissing this claim against those Defendants.

6.      The district court did not err in dismissing Obeng's RICO claims as Obeng failed to allege the predicate racketeering acts of mail and wire fraud with particularity. *See* Fed. R. Civ. P. 9(b); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Furthermore, Obeng only alleged underlying fraud and forgery as to a single victim (himself), which is insufficient for RICO. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992).

7.      The district court did not abuse its discretion by granting Defendants' motion to dismiss Obeng's Fourth Amended Complaint. Obeng failed to file an

---

[2]     We need not and do not decide whether a loan servicer can ever be a debt collector or whether California's non-judicial foreclosure proceedings constitute a debt collection under the FDCPA.

opposition to Defendants' motion to dismiss. Moreover, the district court's dismissal came after it demonstrated considerable patience with Obeng, a pro se litigant, by providing numerous extensions, considering untimely filings, and liberally construing his filings, for two years. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

8. As the district court dismissed all of Obeng's federal claims, it did not err by refusing to exercise supplemental jurisdiction over Obeng's state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

**AFFIRMED.**