**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANA PESHKEPIA-CADENA; et al., | No. 13-55012 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-07322-RGK-RZ |
| v. | |
| SUNTRUST BANK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Liana Peshkepia-Cadena, Nina Lauren Munden, and Chris Cadena appeal

pro se from the district court's orders dismissing their action alleging federal and

state law claims in connection with a foreclosure.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and for an abuse of discretion a dismissal for failure to comply with local rules, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). We affirm.

The district court dismissed plaintiffs' claims against SunTrust Bank and U.S. Bank, N.A. because plaintiffs failed to file a timely opposition to their motion to dismiss. *See* C.D. Cal. R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). In their opening brief, plaintiffs fail to address how the district court abused its discretion in dismissing their claims for failure to comply with the local rules. Similarly, plaintiffs do not address why the district court erred in dismissing their claims against the City of Downey for failure to state a claim. Accordingly, plaintiffs have waived their appeal of the dismissal orders. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("On appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)).

**AFFIRMED**.