

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUPAM SALUJA, | No. 15-15709 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00311-MMD-VPC |
| v. | |
| ADVANCE AMERICA CASH ADVANCE CENTERS OF NEVADA, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 13, 2017[**]
San Francisco, California

Before: FERNANDEZ and WATFORD, Circuit Judges, and STATON,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

The district court did not err by granting defendant's motion to dismiss. Plaintiff did not file her discrimination charge with the Equal Employment Opportunity Commission (EEOC) until more than two years after her termination—well beyond the 300-day statute of limitations. 42 U.S.C. § 2000e-5(e)(1); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). Plaintiff argued below, and argues here, that she is entitled to equitable tolling because she was not aware of the filing deadline, she was without counsel, and the EEOC initially accepted her charge before ruling it untimely. None of these grounds, however, provides a basis for equitably tolling the statute of limitations. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

The district court did not abuse its discretion when it denied plaintiff's request to amend her complaint. Plaintiff has offered no indication of what additional facts she would allege in an amended complaint to support her equitable tolling argument. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**AFFIRMED**.