**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL FOLEY, | No. 14-16774 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01769-JCM-VCF |
| v. | |
| MICHELLE PONT, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Michael Foley appeals pro se from the district court's judgment dismissing his civil action for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion by dismissing Foley's action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision

for failure to prosecute in accordance with local rules because, after Foley failed to file documents in the district court for more than 270 days, he failed to respond timely to the district court's notice to take action. *See* D. Nev. Civ. R. 41-1 (permitting dismissal after notice of actions that span 270 days without any proceeding of record); *Ghazali*, 46 F.3d at 53 (discussing factors to guide the court's evaluation of dismissal for failure to comply with local rules).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Foley's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir.1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute[.]").

Appellees AP Express, AP Express Worldwide, LLC, and Jeffery Pont's motion to take judicial notice (Docket Entry No. 9), and Foley's request for judicial notice, set forth in his reply brief, are granted.

Appellee Bradley's request for sanctions, set forth in her answering brief, is denied without prejudice.

**AFFIRMED.**

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

14-16774