**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONECIA L. AUGUSTUS; MARK
AUGUSTUS,

Plaintiffs-Appellants,

v.

COUNTY OF LOS ANGELES;
WILLIAM SPILLER, Jr., in his individual
and official capacity; SHAUNTA
MONTGOMERY, in her individual and
de-facto official capacity; GUS T. MAY,
Honorable, in his official capacity only;
STATE OF CALIFORNIA; DOES, 1-10,

Defendants-Appellees.

No.    23-55312

D.C. No.
2:20-cv-11255-FLA-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted February 15, 2024
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Donecia and Mark Augustus (collectively referred to here as "Augustuses") appeal the district court's dismissal of their federal civil rights claims under 28 U.S.C. § 1983 against the County of Los Angeles, Shaunta Montgomery, William Spiller, Jr., and the State of California. We have jurisdiction under 28 U.S.C. § 1291.

The complaint fails to state a claim against the County under § 1983 because it does not plausibly allege that the County had an official policy or custom of making false and fraudulent representations to a court as a pretext for seizing children. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The allegations in the complaint are either conclusory and lack supporting facts or rely on speculation rather than reasonably drawn inferences. *See AE*, 666 F.3d at 637; *Iqbal*, 556 U.S. at 681.

The complaint fails to state a claim against Spiller and Montgomery under § 1983, because the complaint does not plausibly allege that Spiller's and Montgomery's conduct "can be attributed to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). The complaint does not allege any facts showing "an agreement or meeting of minds to violate the [Augustuses's] constitutional rights." *Woodrum v. Woodward Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989).

While the complaint alleges that the County and the private individuals "exchange[d] . . . 'mutual benefits,'" this "falls far short of creating the substantial interdependence legally required to create a symbiotic relationship." *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1214 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Aug. 23, 2002). Nor does the complaint plausibly allege that County officials did anything besides "merely stand[] by" and engage in passive peacekeeping functions when Montgomery acted upon the court order to pick up Sasha from school, *Howerton v. Gabica*, 708 F.2d 380, 384 (9th Cir. 1983), which is insufficient to make Spiller and Montgomery joint actors with the state.

Because the district court previously dismissed the claims against the County, Spiller, and Montgomery with leave to amend, and the Augustuses failed to cure the complaint's defects, the district court did not abuse its discretion by dismissing the complaint with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

The district court did not err in dismissing the Augustuses's claim against the State challenging the constitutionality of Cal. Probate Code § 2250(e)(1). The Augustuses failed to file an opposition to the State's motion to dismiss for seven months, a violation of the local rules. C.D. Cal. L.R. 7-9, 7-12. Because three of

3

the five factors set forth in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)—the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants balanced against the stated reason for the delay—strongly weigh in favor of dismissal, we affirm the district court's dismissal of this claim with prejudice. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999).

**AFFIRMED.**