NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELICA MARIA PEREZ-HERNANDEZ; D.S. HERNANDEZ-PEREZ; N.A. CORNEJO-PEREZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-3027<br><br>Agency Nos.<br>A215-892-961<br>A215-892-962<br>A215-892-963<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Angelica Maria Perez-Hernandez and her two minor children (collectively, "petitioners"), natives and citizens of El Salvador, seek review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal from an Immigration

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review de novo whether a petitioner exhausted administrative remedies. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Petitioners forfeited their challenge to the BIA's dispositive finding that their proposed particular social group is not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that both asylum and withholding of removal claims require "the existence of a cognizable particular social group" (quotation omitted)). Although we construe pro se pleadings liberally, *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), petitioners fail to "specifically and distinctly" address the BIA's cognizability determination and therefore have forfeited any challenge to the conclusion, *see Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quotation omitted).

2. Petitioners contend that the agency erred by denying them CAT relief.

---

[1] The children seek asylum as derivative beneficiaries of Ms. Perez-Hernandez's application. *See* 8 U.S.C. § 1158(b)(3).

But in their brief before the BIA, petitioners did not challenge the IJ's conclusion that they failed to show they would be subject to torture by or with the acquiescence of Salvadorean government officials. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (holding that CAT relief requires a showing of acquiescence to petitioner's alleged torture by a public official). Petitioners have therefore failed to exhaust this claim. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that a petitioner "exhaust[s] only those issues he raised and argued in his brief before the BIA"). When, as here, the government raises a petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we will not review those unexhausted arguments, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, mandatory claim-processing rule subject to waiver and forfeiture); *Umana-Escobar*, 69 F.4th at 550.

The petition is **DENIED**.[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

23-3027