**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY L. DRYDEN, | No. 15-16304 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01896-RCJ-PAL |
| v. | |
| ANDREA E. BAREFIELD, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN Circuit Judges.

Jeffrey L. Dryden appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from a school expulsion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

53 (9th Cir. 1995).  We affirm.

The district court did not abuse its discretion in dismissing Dryden's action because Dryden failed to oppose defendant's motion to dismiss.  *See id.* ("[F]ailure to follow a district court's local rules is a proper ground for dismissal."); *see also* Dist. Nev. R. 7-2(d) (failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion).

We do not consider Dryden's challenge to the magistrate judge's order striking Dryden's third amended complaint because Dryden failed to file timely objections with the district court.  *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We lack jurisdiction to consider the district court's order denying Dryden's motion for reconsideration under Fed. R. Civ. P. 60(b) because Dryden failed to file a new or amended notice of appeal from that order.  *See* Fed. R. App. P. 4(a)(4)(B)(ii); *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990) (concluding that "an appeal specifically from the

ruling on the [Rule 60(b)] motion must be taken if the issues raised in that motion are to be considered by the Court of Appeals").

Defendant's motion to strike, filed on January 20, 2016, is denied.

**AFFIRMED.**