NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAORA BEN-DOV,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>SHOSHANA ZELDA SRAGOW, AKA<br>Stacy Suzanne Sragow; et al.,<br><br>            Defendants-Appellees. | No. 17-56807<br><br>D.C. No. 8:17-cv-00122-DFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding**

Submitted August 15, 2018***

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Naora Ben-Dov appeals pro se from the district court's summary judgment

in her diversity action alleging state law claims in connection with her late father's

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

***    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

estate.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  We affirm.

The district court properly granted summary judgment because Ben-Dov's action is time-barred under the applicable statute of limitations.  *See* Cal. Civ. Proc. Code § 338 (three-year statute of limitations); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005) (claim accrues under the delayed discovery rule when the plaintiff has reason to suspect an injury and some wrongful cause).

The district court did not abuse its discretion in declining to deny or strike defendants' motion for summary judgment on the basis of their alleged failure to meet and confer.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995*)* (setting forth standard of review); *see also Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000) ("[T]he decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.").

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-56807