**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE R. SOLANO; et al., | No. 17-56892 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-05253-JFW-PJW |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Jose R. Solano and other plaintiffs appeal pro se from the district court's

order dismissing their action alleging federal and state law claims arising from

mortgage-related proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion a district court's dismissal under its local rules.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion in dismissing plaintiffs' claims against defendants MidSouth Bank, N.A. and Jay L. Angelle because plaintiffs failed to oppose defendants' motion to dismiss. *See* C.D. Cal. R. 7-12 ("The failure to file any required document . . . may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali*, 46 F.3d at 53-54 (setting forth factors to be considered before dismissing an action for failure to follow the local rules and noting that pro se litigants are bound by the rules of procedure).

The district did not abuse its discretion in finding that all defendants complied with Local Rule 7-3 because defendants made efforts to contact plaintiffs regarding their motions to dismiss. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules."); *see also U.S. Cellular Inv. Co. of L.A., Inc. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002) (a district court abuses its discretion "when the judicial action is arbitrary, fanciful or unreasonable or where no reasonable man or woman would take the view adopted by the trial court." (citation, alteration, and internal quotation marks omitted)).

Because plaintiffs in their opening brief fail to specifically and distinctly raise any other argument as to whether the district court's sua sponte dismissal of all remaining defendants was proper, plaintiffs have waived any challenge to the

dismissal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration because plaintiffs failed to establish any basis for relief.  *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 60(b)).

We reject as without merit plaintiffs' contention that the district court violated plaintiffs' due process rights.

Defendants Bank of America, N.A. and Deutsche Bank National Trust Company's request for judicial notice (Docket Entry No. 35) is granted.

**AFFIRMED.**