**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY C. MOORE,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>CORIZON HEALTH SERVICES; et al.,<br><br>    Defendants-Appellees. | No.    18-35878<br><br>D.C. No. 1:16-cv-00229-BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Idaho state prisoner Jimmy C. Moore appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Moore failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of pain in Moore's knee and shoulders. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Moore's motion to extend discovery because Moore failed to establish good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (district court has broad discretion to manage its docket; moving party must demonstrate "good cause" to modify pretrial scheduling order); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). To the extent that Moore's motion to extend discovery may be construed as a request to take discovery in order to oppose summary judgment, Moore failed to comply with the requirements of Federal Rule of Civil Procedure 56(d). *See* Fed. R. Civ. P. 56(d); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (a party seeking

additional time for discovery is required to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

The district court did not abuse its discretion by denying Moore's motion to appoint counsel because Moore failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's request to strike the answering brief in part or in full, set forth in his reply brief, is denied.

**AFFIRMED.**

18-35878