**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH ADAIR DAVIS, | No. 18-35433 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01709-RSM |
| v. | |
| WILLIAMS HAYES, Director, individually and in his official capacity, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Washington state prisoner Keith Adair Davis appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging use of excessive force while he was a pretrial

detainee.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Davis did not exhaust his administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion . . . which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable).

The district court did not abuse its discretion in refusing to consider Davis's opposition to the motion for summary judgment because Davis failed to establish excusable neglect for the untimely filing. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) (setting forth standard of review and explaining that "it is never an abuse of discretion for a district court to exclude untimely evidence when a party fails to submit that evidence pursuant to a motion, as Rule 6(b) expressly requires"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure.").

We reject as meritless Davis's contentions that the district court held him to a "higher standard" as a pro se litigant, implied that he was "not credible," and held

"technical misunderstandings" against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35433