**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP O. EMIABATA, | No. 20-15258 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05207-SPL |
| v. | |
| BB&T BRANCH BANKING; JACQUE DOLOTINA, | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 16, 2021<sup>**</sup>

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Philip O. Emiabata appeals pro se from the district court's judgment

dismissing his diversity action alleging slander and libel claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion a

district court's dismissal pursuant to its local rules.  *Ghazali v. Moran*, 46 F.3d 52,

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

53 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion by dismissing Emiabata's action because Emiabata failed to oppose defendants' motion to dismiss. *See id.* at 53-54 (factors to consider before dismissing an action for failure to follow a district court's local rules; where the district court does not make explicit findings concerning the factors, we "review the record independently to determine if [it] has abused its discretion"); *see also* D. Ariz. R. 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

The district court did not abuse its discretion by denying Emiabata's motion to vacate the dismissal because Emiabata failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e)).

We reject as unpersuasive Emiabata's contention that the district court's denial of his post-dismissal motion for extension of time deprived him of due process or the opportunity to obtain legal counsel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**