**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DENTON, | No.   20-35489 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05314-RJB |
| v. | |
| PASTOR, Sheriff; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| PATTI JACKSON; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Michael Denton, a Washington state prisoner, appeals from the district

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and Fourteenth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order under Federal Rule of Civil Procedure 41(b) or pursuant to local rules. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion by dismissing Denton's action because Denton failed to comply with court orders and local rules governing pretrial procedure, and failed to attend the pretrial conference or explain his absence, despite being given an opportunity to do so. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (setting forth factors for determining whether an action should be dismissed as a sanction for failure to comply with a court order); *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**