**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TINA MARIE BRADFORD, | No. 20-56148 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-03691-PSG-AS |
| v. | |
| LOS ANGELES COUNTY OFFICE OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Tina Marie Bradford appeals pro se from the district court's order dismissing

her action alleging claims arising from an infection suffered while she was

employed as a substitute teacher.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument and denies Bradford's request for oral argument, set forth in her opening and reply briefs.  *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion by dismissing Bradford's action because Bradford failed to file a timely opposition to defendants' motions to dismiss. *See* C.D. Cal. R. 7-9 (requiring the filing of an opposition or statement of non-opposition to a motion to dismiss not later than twenty-one days before the hearing date); C.D. Cal. R. 7-12 (providing that the failure to file any required document within the deadline may be deemed consent to the granting or denial of the motion); *see also Ghazali*, 46 F.3d at 53-54 (discussing factors to guide the court's evaluation of dismissal for failure to comply with local rules).

The district court did not abuse its discretion by denying Bradford's motion to reopen for new trial because Bradford failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 60(b)); *see also* Fed. R. Civ. P. 59(a).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

///

///

Bradford's motions "for defendant(s) to forward deposition and deposition video" are denied.

**AFFIRMED.**