NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA WHEELER; CURTIS WHEELER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF ORANGE, a political subdivision of the State of California, ITS PUBLIC WORKS DIVISION, ITS CITATION PROCESSING CENTER; et al., <br><br> Defendants-Appellees. | No. 20-56143 <br><br> D.C. No. 8:20-cv-01264-MCS-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted November 19, 2021**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

The complaint in this action alleges various claims against the County of Orange and various County employees concerning the efforts of Curtis and Cynthia Wheeler to relocate a gas line on their property. On September 4, 2020, the County defendants moved to dismiss the complaint. Under Central District of California Local Rule 7-9, the Wheelers' opposition to the motion to dismiss was due by September 14, but it was not filed it until September 21. The County defendants filed a reply two days later, pointing out the non-compliance with the local rule. Counsel for the Wheelers then submitted a declaration explaining that the one-week delay in filing the opposition was caused by an error entering the deadlines into his calendar.

On October 5, 2020, the district court granted the County defendants' motion to dismiss, finding that "Plaintiffs' late filing operates as their consent to the granting of the Motion" under the local rule. The court did not acknowledge counsel's declaration nor reach the merits of the motion to dismiss.[1]

In dismissing the complaint, the district court did not weigh the five factors listed in *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam), and therefore "we review the record independently to determine whether the district

---

[1] The Wheelers moved for reconsideration, but the district court denied the motion for failure to comply with the meet-and-confer requirement of the local rules.

court abused its discretion." *Id.* Applying that standard of review, we vacate the order of dismissal and remand.

None of the *Ghazali* factors favors dismissal. The case had been pending only three months and had been assigned to the district judge for only ten days when it was dismissed. The one-week delay in filing the response did not meaningfully implicate either the public's interest in expeditious litigation or the court's management of its docket. *See id.* at 53. Nor is there evidence of prejudice to defendants, who promptly replied to the late filing. The public policy of favoring disposition of cases on the merits "counsels strongly against dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Finally, the district court did not consider less drastic alternatives, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), which were plainly available.[2] Each party shall bear its own costs.

**VACATED AND REMANDED.**

---

[2] We decline to address in the first instance the County defendants' arguments that the motion to dismiss should have been granted on the merits.